UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES ANTHONY MURPHY                                                                PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 1:10CV305-LG-RHW

HARRISON COUNTY MISSISSIPPI et al                                                 DEFENDANTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Plaintiff Charles Anthony Murphy, proceeding *pro se* and *in forma pauperis*, filed the instant 42 U.S.C. § 1983 prisoner civil rights complaint alleging inadequate medical care for a condition of open angle glaucoma.  The undersigned conducted a screening hearing on October 18, 2010, pursuant to 28 U.S.C. § 1915A in the above-captioned matter.  At this time, the undersigned takes up only the question of whether Plaintiff has stated a claim against the two yet-to-be served Defendants, Pat Ortem and Dr. Reddix.  All other parties have appeared in the lawsuit and have consented to the jurisdiction of the United States Magistrate Judge.  Based on Plaintiff's [1] Complaint and other pleadings, and based on his testimony at the screening hearing, the undersigned recommends that Defendants Pat Ortem and Dr. Reddix be dismissed from the lawsuit with prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

To state a constitutional claim for denial of adequate medical care, Plaintiff must demonstrate that Defendants were deliberately indifferent to Plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety.  *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999).

A defendant generally is not liable in his or her supervisory capacity for the actions of others. *See Doe v. Taylor Indep. School Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (en banc). Any claims against a defendant in his or her individual capacity must be based on "direct acts or omissions . . . not the acts of subordinates." *Coleman v. Houston Indep. School Dist.*, 113 F.3d 528, 534 (5th Cir. 1997). Under § 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). However, a supervisor may be held liable if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Id.*

In a [7] Response to the Court's [6] Order, Plaintiff named Pat Ortem and Dr. Reddix as Defendants, but he did not allege any specific acts or omissions committed by these Defendants. At the screening hearing, Plaintiff stated that he named Ortem and Dr. Reddix because they were in charge of the health services provider for the jail. In other words, he sued them in their supervisory capacity. Plaintiff admitted that neither Ortem nor Dr. Reddix examined Plaintiff for his condition. Plaintiff has not alleged any specific facts that would demonstrate that these Defendants were personally involved in Plaintiff's alleged constitutional deprivation or that there was a causal connection between these defendants' actions and the alleged constitutional violation. Thus, the undersigned finds that Plaintiff has failed to state a cause of action against either Ortem or Dr. Reddix.

## RECOMMENDATION

The undersigned recommends that the claims against Defendants Pat Ortem and Dr. Reddix be dismissed with prejudice for failure to state a claim.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party who objects to this Report and Recommendation must, within fourteen (14) days after being served a copy of the Report and Recommendation file with the Clerk of this Court his written objections to the Report and Recommendation, and must serve them upon the other parties and submit them to the assigned District Judge.  Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection.   An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 14th day of December, 2010.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE
